# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 14-9354-GW(Ex) | Date | February 26, 2015 |
| Title | *Vardan Karapetyan v. ABM Industries Incorporated, et al.* | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:　　　　Attorneys Present for Defendants:

　　　　Marina N. Vitek　　　　　　　　　　Bradley J. Hamburger
　　　　　　　　　　　　　　　　　　　　　　Theano Evangelis Kapur

PROCEEDINGS:　　PLAINTIFF'S MOTION TO REMAND TO STATE COURT [17]

The Tentative Ruling following Supplemental Briefing Re: "Local Controversy" Exception is circulated and attached hereto. Court hears further argument. Based on the Tentative Rulings issued today and on February 2, 2015, and for reasons stated on the record, Plaintiff's motion is DENIED.

A Scheduling Conference is set for March 23, 2015 at 8:30 a.m. Parties will file a Joint Rule 26(f) Report by noon on March 18, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　09

　　　　　　　　　　　　　　　　　　　　Initials of Preparer　JG

<u>Karapetyan v. ABM Industries, Inc., et al.</u>, Case No. CV-14-9354-GW (Ex)
Tentative Ruling following Supplemental Briefing RE: "Local Controversy" Exception

At the Court's request, the parties filed supplemental briefing in this case to address the issue of whether the filing of the original complaint in the *Alabed* action precluded the application of the local controversy exception to the present *Karapetyan* action. *See* Docket Nos. 24, 25. In its tentative ruling, the Court indicated it was inclined to remand this case under the local controversy exception because the *Karapetyan* action's factual allegations regarding security guards were not the same as or similar to the previously filed *Alabed* action's factual allegations regarding parking lot attendants. *See* Docket No. 23, at 7-10. However, as Defendants pointed out at the hearing on the motion for remand, the original *Alabed* complaint, prior to amendment, included more general class definitions and factual allegations that were *not* specific to security guards. After reviewing the parties' supplemental briefing and considering the allegations in the original *Alabed* complaint, the Court would tentatively find that the local controversy does not apply.

Plaintiff bears the burden of showing that the local controversy exception applies, and that remand is therefore appropriate. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir.2007) ("we conclude that the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction"). The Court would find that Plaintiff has not met that burden. Though some of the putative classes defined in the original *Alabed* complaint included employees who were misclassified as exempt, others only included non-exempt employees. Plaintiff, in his supplemental brief, appears to argue that the misclassification allegations apply to all members of the putative *Alabed* classes and therefore that *all* of the factual allegations in the original *Alabed* complaint are limited to allegations regarding employees who were misclassified as exempt. However, the actual text of the *Alabed* complaint belies that interpretation. Although the *Alabed* complaint does allege violations of labor laws on behalf of "[Alabed] and other hourly non-exempt employees," it also defines four putative classes, of which only two are limited to "non-exempt employees who were misclassified as exempt." *See* Docket No. 2-1 at 3-4. If the *Alabed* complaint were meant to be limited to misclassified employees – and in fact two of the definitions of the putative classes did include language restricting those classes to misclassified employees – then there should be no reason why the

1

definitions of the other two of the putative classes should not include language similarly limiting those classes to misclassified employees. Given this interpretation of the original *Alabed* complaint, the *Karapetyan* class of security guards would fall into the two non-exempt employee classes as defined in the original *Alabed* complaint. Thus, because the factual allegations from the original *Alabed* complaint are the same as or similar to the allegations in the *Karapetyan* complaint, the Court would find that the local controversy exception does not apply.

Though the Court acknowledges that the Congressional intent behind the local controversy exception would weigh in favor of granting the requested remand, the fact of the matter is that a class action has been "filed" that asserts "same or similar factual allegations" against Defendant ABM Industries "on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). "If the plain meaning of the statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aid to interpretation unless the legislative history clearly indicates that Congress meant something other than what it said." *Zuress v. Donley*, 606 F.3d 1249, 1253 (9th Cir. 2010) (internal quotations omitted). The word "filed" is unambiguous; furthermore, Plaintiff does not appear to contest Defendants' interpretation of that word. Taking the plain meaning of "filed" in the context of the language of the local controversy exception, the Court must compare the *Karapetyan* complaint with the version of the *Alabed* complaint that was originally filed in that action. Plaintiff has not presented any viable arguments against finding that the original *Alabed* complaint's putative non-exempt employee classes include the *Karapetyan* security guards. Thus, the Court would find that removal is not proper under the local controversy exception.

Finally, the Court would note the holding in *Woods v. Std. Ins. Co.*, 771 F.3d 1257, 1265 (10th Cir. 2014), that "CAFA's legislative history . . . indicates Congress intended the local controversy exception to be 'narrow,' with all doubts resolved 'in favor of exercising jurisdiction over the case.' S. Rep. No. 109-14 at 39, 42."